IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY PRATER, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | Jury Trial Demanded |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC, | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Gary Prater ("Plaintiff"), an individual, for Portfolio Recovery Associates, LLC's ("Defendant's") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, and the TDCA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Gary Prater ("Plaintiff"), is a natural person residing in the State of Texas, County of Hunt, and City of Quinlan.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8. Defendant, Portfolio Recovery Associates, LLC. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. On or about November 1, 2011, in an attempt to collect an alleged debt in debt in default (the "Debt"), Defendant began placing calls to both Plaintiff's residence and cellular telephone.

14. During a May 27, 2012, telephone conversation with Defendant's Agent and/or Employee, Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to him.

15. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's residence on June 16, 2012, at 7:12 p.m.

16. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's residence on June 20, 2012, at 12:53 p.m.

17. Plaintiff answered the June 20, 2012, telephone call, and again demanded that Defendant cease and desists from placing any and all telephone calls to him.

18. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's residence on June 27, 2012, at 7:12 p.m.

19. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's residence on July 5, 2012, at 10:31 a.m.

20. Plaintiff answered the July 5, 2012, telephone call, and again demanded that Defendant cease and desists from placing any and all telephone calls to him.

21. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's cellular phone on July 6, 2012, at 12:50 p.m.

22. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's cellular phone on July 7, 2012, at 1:27 p.m.

23. Plaintiff answered the July 7, 2012, telephone call, and again demanded that Defendant cease and desists from placing any and all telephone calls to him.

24. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's cellular phone on July 11, 2012, at 12:07 p.m.

25. Despite Plaintiff's cease and desist demands, and in connection with collection of the Debt, Defendant placed a telephone call to Plaintiff's cellular phone on July 17, 2012, at 10:42 a.m.

26. Plaintiff answered the July 17, 2012, telephone call and again demanded that Defendant cease and desist from placing any and all telephone calls to him.

27. As evidenced by Defendant's ignoring Plaintiff's multiple demands to cease and desist from placing any telephone calls, upon information and good faith belief, Defendant placed all the post cease-and-desist telephone calls with an intent to annoy, harass, or abuse Plaintiff.

28.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

29.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorneys' fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

30.     Plaintiff repeats and re-alleges each and every allegation contained above.

31.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

32. Plaintiff repeats and re-alleges each and every allegation above.

33. Defendant violated TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 25th day of October, 2012,

/s/Martha Beard-Duncan
Martha Beard-Duncan
Texas Bar No. 24053094
WEISBERG AND MEYERS, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111ext. 350
Facsimile: (866) 565-1327
mbeard-duncan@attorneysforconsumers.com

Attorney for Plaintiff
GARY PRATER